FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 JUN 16 PM 3: 24

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| EVAN BAKER, by and through his best friend and mother, Brenda Baker, | }<br>}<br>} |
| Plaintiff | } CIVIL ACTION NO.<br>} 97-AR-1543-S |
| vs. | } |
| TUSCALOOSA COUNTY BOARD OF EDUCATION, ET AL., | }<br>} |
| Defendants | } |

ENTERED

JUN 1 6 1998

## MEMORANDUM OPINION

The court has for consideration the objection of defendants, Tuscaloosa County Board of Education, Joyce Sellers, Betty Traywick and Wayne McBride, to the motion for the substitution of a party plaintiff because of the death of the original plaintiff. The original plaintiff, Evan Baker ("Evan"), a minor who brought this action by and through his next friend and mother, Brenda Baker ("Brenda"), filed his complaint on June 25, 1997. On May 15, 1998, plaintiff's counsel filed a motion to substitute as plaintiff, Brenda, as administratrix of Evan's decedent's estate.

The objecting defendants rely upon Rule 25(a)(1), F.R.Civ.P., which provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or

1

38

representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and <u>upon persons not parties in the manner provided in Rule 4</u> for the service of a summons, and may be served in any judicial district. <u>Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party</u>.

(emphasis supplied).

  This case presents a strange set of procedural circumstances. The original complaint named seven defendants, including the four who now object to substitution and who, in effect, seek a dismissal. Simultaneously with the filing of the complaint, plaintiff's counsel requested a video deposition of Evan based upon counsel's allegation that Evan "has a terminal illness and has been give [sic] very few days left to live." On July 8, 1997, less than two weeks after suit was filed, plaintiff's counsel, without leave of court as was his right, filed an amended complaint which attached the following unequivocal notice directed to the Clerk of court:

BAINS AND TERRY
ATTORNEYS AT LAW
*1813 Third Avenue, North*
*Bessemer, Alabama 35020*
*(205) 426-3200*
*Fax: (205) 426-3200*

July 7, 1997

Perry D. Mathis
Clerk of United States District Court
For the Northern District of Alabama
Southern Division

```
        140 Hugo L. Black U. S. Courthouse
        1729 5th Ave., North
        Birmingham, AL 35203

            RE:  Baker vs. Tuscaloosa County Board of Education,
              et al.
               Case No. 97-AR-1543-S

        Dear Mr. Mathis:

        This letter is to inform the Court that sadly sometime in the
        morning hours of July 2, 1997, the Plaintiff in this cause, Evan
        Baker, passed away.  Therefore, our Motion for Emergency Deposition
        is now Moot point.  Thanking you, I remain very

                            Truly yours,

                            /s/ Jon B. Terry

                            JON B. TERRY
        JBT/lw
```

(emphasis supplied). The amended complaint requested service on all defendants. Defendants were thereupon duly served under Rule 4, F.R.Civ.P., pursuant to summonses dated July 8, 1997, the date the amended complaint with its attached letter was filed. The letter, although not styled "Suggestion of Death," could not be described as anything else.

On August 19, 1997, without any request for a substitution of a personal representative for Evan, who, as noted, had died on July 2, 1997, plaintiff (whoever that was) purported to take an entry of default against two of the defendants, Anthony Adams and Jetty Adams, neither of whom had appeared and who may or may not have then been aware that Evan had died. In other words, on July 8, 1997, a plaintiff who had been dead for six days purported to amend

his complaint and thereafter to take entries of default without reviving his cause of action by substituting a personal representative. Even more strange, on September 24, 1997, counsel for the then-deceased plaintiff, for whom no personal representative had been substituted, and counsel for presently-objecting defendants, held a planning meeting pursuant to Rule 26(b), F.R.Civ.P. It is clear that the represented defendants knew of Evan's death but did nothing to complain of plaintiff's failure to substitute, that is, until their objection to belated substitution was filed on June 10, 1998, pointing out that a suggestion of death was filed on July 7, 1997, and that more than 90 days elapsed between that suggestion of death and the filing of the motion for substitution. The court has looked for but can find no rule requiring a defendant to warn counsel for a deceased plaintiff of the requirements of Rule 25(a)(1), F.R.Civ.P.

It was not until May 15, 1998, that Brenda filed her motion to substitute herself as administratrix. She had been appointed by the Probate Court of Tuscaloosa County as said administratrix on May 4, 1998, the same date, that is, according to the order entered by the Probate Court ("This day came Brenda Baker and filed an application under oath ...."), upon which Brenda filed her application for appointment as administratrix. The affidavit of Brenda's counsel filed on June 12, 1998, in response to defendants' objection to substitution, contradicts the recitation by the

4

Probate Court and, instead, asserts that Brenda's application was filed with the Probate Court on April 16, 1998. In either event, Brenda's explanation for not proceeding sooner in the Probate Court is that the bonding company was slow in processing her application for an administrator's bond. There is, of course, not just one company that writes administrator's bonds.

Significantly, Brenda never moved pursuant to Rule 6(b), F.R.Civ.P., for an extension of the strict 90-day period provided by Rule 25(a)(1). And Brenda's counsel still has not sought an after-the-fact extension. If Brenda had done so, she would have had to prove "excusable neglect" for her delay. Nothing she has said thus far can qualify as "excusable neglect."

The provisions of Rule 25(a)(1) are onerous and unequivocal. The pertinent commentary to the rule, which speaks to its 1963 amendment, provides:

> Present Rule 25(a)(1), together with present Rule 6(b), results in an <u>inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within a fixed period measured from the time of the death. The hardships and inequities of this unyielding requirement plainly appear from the cases</u>. See, e.g., *Anderson v. Yunghau*, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed.436 (1947); *Iovino v. Waterson*, 274 F.2d 41 (1959), cert. denied, *Carlin v. Sovino*, 362 U.S. 949, 80 S.Ct. 860, 4 L.Ed.2d 867 (1960); *Perry v. Allen*, 239 F.2d 107 (5th Cir. 1956); *Starnes v. Pennsylvania R.R.*, 26 F.R.D. 625 (E.D.N.Y.), aff'd per curiam, 295 F.2d 704 (2d Cir. 1961), cert. denied, 369 U.S. 813, 82 S.Ct. 688, 7 L.Ed.2d 162 (1962); *Zdanok v. Glidden Co.*, 28 F.R.D. 346 (S.D.N.Y. 1961). See also 4 Moore's *Federal Practice* ¶25.01[9] (Supp. 1960); 2 Barron & Holtzoff, *Federal Practice & Procedure* § 621, at 420-21 (Wright ed. 1961).

(emphasis supplied).

Defendants' objections to the untimely substitution for plaintiff are necessarily DEEMED by the court as a joint motion to dismiss. If, under the unavoidable application of Rule 25(a)(1), Brenda is not allowed to substitute herself as administratrix, the case is over. Therefore, what is, in effect, a motion to dismiss, is due to be granted.

Because default was erroneously entered by the Clerk in favor of a non-existent plaintiff against defendants, Anthony Adams and Jetty Adams, the court hereby VACATES the entries of default as against the said two defendants and hereby appoints Jeff Dyess, Hand Arendall, L.L.C., Suite 900, 2001 Park Place North, Birmingham, Alabama 35203, as guardian ad litem for the minor defendant, Josh Adams. If within thirty (30) days Brenda serves by U. S. Mail on Anthony Adams, Jetty Adams, and the guardian ad litem for Josh Adams a motion for leave to substitute, the court will hear the motion and any objections to it. Meanwhile, however, the motion of the four objecting defendants to dismiss will be granted by separate order.

DONE this 16th day of June, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE